# U.S. District Court
## Southern District of Iowa (Central)
## CIVIL DOCKET FOR CASE #: 4:23−cv−00376−SHL−WPK
*Internal Use Only*

Hindson v. Portfolio Recovery Associates, LLC  
Assigned to: Judge Stephen H. Locher  
Referred to: Magistrate Judge William P. Kelly  
Case in other court: IASD, 4−23−cv−241,242  
                     IASD, 4−23−cv−60,61,101,158,238,239,240  
                     IASD, 4−24−cv−173, 174,285, 385  
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 09/22/2023  
Date Terminated: 01/22/2025  
Jury Demand: Plaintiff  
Nature of Suit: 480 Consumer Credit  
Jurisdiction: Federal Question

**Plaintiff**

**Tomika Hindson**      represented by    **Tomika Hindson**  
P.O. Box 3754  
Urbandale, IA 50323  
PRO SE

V.

**Defendant**

**Portfolio Recovery Associates, LLC**    represented by    **Joshua C. Dickinson**  
SPENCER FANE LLP  
13815 FNB PARKWAY  
SUITE 200  
OMAHA, NE 68154  
402−965−8600  
Fax: 402−965−8601  
Email: jdickinson@spencerfane.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2023 | 1 | COMPLAINT against All Defendants, filed by Tomika Hindson. Notice of Dismissal for lack of Service deadline set for 12/21/2023. Rule 16 Notice of Dismissal set for 12/21/2023. (btg) (Entered: 09/22/2023) |
| 09/22/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Tomika Hindson. (btg) (Entered: 09/22/2023) |
| 09/25/2023 | 3 | TEXT ORDER Denying Without Prejudice 2 Motion for Leave to Proceed in Forma Pauperis. The Court is aware that Plaintiff Tomika Hindson has entered settlements in other Fair Credit Reporting Act cases filed in this Court. She also may have entered |

| | | |
|---|---|---|
| | | settlements in cases in other Districts. Any payments she has received pursuant to these settlements must be disclosed as income from "[a]ny other sources" in response to Question 3(f) of the form Application to Proceed in District Court Without Prepaying Fees or Costs. Similarly, if she is entitled to receive payment in the future pursuant to a settlement agreement, such payment is a "financial instrument or thing of value" that must be disclosed in response to Question 5. Plaintiff is directed to file a supplemental Application disclosing all settlement payments she has received in the last twelve months or is legally entitled to receive in the future pursuant to a settlement agreement. Signed by Judge Stephen H. Locher on 9/25/2023. Text Order mailed to Plaintiff by chambers. (mm) (Entered: 09/25/2023) |
| 05/07/2024 | | Set/Reset Deadlines: Corporate Disclosure Statement deadline set for plaintiff 5/28/2024. (btg) (Entered: 05/07/2024) |
| 05/16/2024 | 4 | AMENDED MOTION for Leave to Proceed in forma pauperis by Tomika Hindson. (nla) (Entered: 05/16/2024) |
| 05/20/2024 | 5 | ORDER Granting 4 AMENDED MOTION for Leave to Proceed in forma pauperis by Tomika Hindson. The United States Marshal for the Southern District of Iowa shall serve the Complaint upon Defendant without prepayment of fees and costs. Signed by Judge Stephen H. Locher on 5/20/2024. (lcw) (Entered: 05/20/2024) |
| 05/21/2024 | 6 | CERTIFICATE OF SERVICE by Tomika Hindson re 5 Order and 1 Complaint to U.S. Marshals for service. (nla) (Entered: 05/21/2024) |
| 05/28/2024 | 7 | SUMMONS Returned Executed by Tomika Hindson. Portfolio Recovery Associates, LLC served on 5/23/2024, answer due 6/13/2024. (nla) (Entered: 05/28/2024) |
| 06/11/2024 | 8 | MOTION for Extension of Time to File Answer re 1 Complaint */responsively plead* by Portfolio Recovery Associates, LLC.Motions referred to William P. Kelly. (Dickinson, Joshua) (Entered: 06/11/2024) |
| 06/11/2024 | 9 | Corporate Disclosure/Statement of Interest by Portfolio Recovery Associates, LLC. (Dickinson, Joshua) (Entered: 06/11/2024) |
| 06/12/2024 | 10 | TEXT ORDER granting 8 Defendant's Motion for Extension of Time to Responsively Plead. Portfolio Recovery Associates, LLC shall have to and including 6/27/2024 to file an answer or otherwise respond to the Complaint. Signed by Magistrate Judge William P. Kelly on 6/12/2024. A copy of this text order was mailed to Plaintiff at address on file by chambers. (rls) (Entered: 06/12/2024) |
| 06/27/2024 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Portfolio Recovery Associates, LLC. Responses due by 7/11/2024. (Attachments: # 1 Brief in Support)(Dickinson, Joshua) (Entered: 06/27/2024) |
| 07/02/2024 | 12 | RESPONSE to Motion re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Tomika Hindson. Replies due by 7/9/2024. (btg) (Entered: 07/02/2024) |
| 07/09/2024 | 13 | REPLY re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Portfolio Recovery Associates, LLC.(Dickinson, Joshua) (Entered: 07/09/2024) |
| 07/12/2024 | 14 | MOTION to Amend 1 Complaint by Tomika Hindson. Motions referred to William P. Kelly. Responses due by 7/26/2024. (Attachments: # 1 Amended Complaint) (nla) (Entered: 07/12/2024) |

| | | |
|---|---|---|
| 07/26/2024 | 15 | RESPONSE to Motion re 14 MOTION to Amend/Correct 1 Complaint filed by Portfolio Recovery Associates, LLC. Replies due by 8/2/2024.(Dickinson, Joshua) (Entered: 07/26/2024) |
| 08/02/2024 | 16 | REPLY by Tomika Hindson to 15 RESPONSE to 14 MOTION to Amend/Correct. (nla) (Entered: 08/02/2024) |
| 08/16/2024 | 17 | NOTICE of Unavailability by Tomika Hindson. (btg) (Entered: 08/16/2024) |
| 09/24/2024 | 18 | ORDER granting 14 Plaintiff's Motion for Leave to Amend Complaint. See Order for particulars. The Clerk of Court is directed to detach and file the Amended Complaint, [14–1]. Signed by Magistrate Judge William P. Kelly on 9/24/2024. (rls) (Entered: 09/24/2024) |
| 09/25/2024 | 19 | AMENDED COMPLAINT against Portfolio Recovery Associates, LLC, filed by Tomika Hindson. (nla) (Entered: 09/25/2024) |
| 09/26/2024 | 20 | TEXT ORDER Denying as Moot 11 Motion to Dismiss. In light of Plaintiff's filing of 19 Amended Complaint, 11 Motion is DENIED AS MOOT. If Defendant wishes to challenge the sufficiency of 19 Amended Complaint, Defendant may file a motion to that effect within the time permitted by the Federal Rules of Civil Procedure. Signed by Judge Stephen H. Locher on 9/26/2024. (lcw) (Entered: 09/26/2024) |
| 10/09/2024 | 21 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Portfolio Recovery Associates, LLC. Responses due by 10/23/2024. (Attachments: # 1 Brief in Support)(Dickinson, Joshua) (Entered: 10/09/2024) |
| 10/16/2024 | 22 | RESPONSE to 21 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Tomika Hindson. Replies due by 10/23/2024. (Attachments: # 1 Brief in Support of Response) (nla) (Entered: 10/16/2024) |
| 10/23/2024 | 23 | REPLY re 21 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Portfolio Recovery Associates, LLC.(Dickinson, Joshua) (Entered: 10/23/2024) |
| 10/24/2024 | 24 | SUPPLEMENT to 22 Response by Tomika Hindson. (nla) Modified on 10/24/2024 – linked to 21 Motion (nla). (Entered: 10/24/2024) |
| 10/29/2024 | 25 | TEXT ORDER SETTING SCHEDULING CONFERENCE. A Telephonic Scheduling Conference is set for 11/26/2024 at 10:00 AM before Magistrate Judge William P. Kelly. Counsel shall call 1–877–411–9748 and enter code 1376500 at the prompt to join the call. The parties shall file a Proposed Scheduling Order and Discovery Plan as provided under Local Rule 16 by 11/19/2024. Signed by Magistrate Judge William P. Kelly on 10/29/2024. (rls) (Entered: 10/29/2024) |
| 11/19/2024 | 26 | PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN . (Dickinson, Joshua) (Entered: 11/19/2024) |
| 11/26/2024 | 27 | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge William P. Kelly: Telephonic Scheduling Conference held on 11/26/2024. Tomika Hindson appeared on behalf of herself as Plaintiff. Attorney Joshua C. Dickinson appeared on behalf of Defendant. Status of case discussed. Separate orders to follow. Total Court Time: 15 minutes. (rls) (Entered: 11/26/2024) |
| 11/26/2024 | 28 | ORDER adopting 26 REGARDING PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN: Initial Disclosures Deadline 12/3/2024. Motions to Add Parties due by 12/20/2024. Motions to Amend Pleadings due by 12/20/2024. Plaintiffs Expert |

| | | |
|---|---|---|
| | | Witness Disclosures due by 2/3/2025. Defendants Expert Witness Disclosures due by 3/3/2025. Plaintiffs Rebuttal Witness Disclosures due by 3/17/2025. Discovery Deadline 6/23/2025. Dispositive Motion Deadline 7/21/2025. Final Pretrial Conference set for 12/19/2025 at 11:00 AM in Des Moines – Room 265 – 2nd Floor before Judge Stephen H. Locher. Jury Trial set for 1/5/2026 at 9:00 AM in Des Moines – Room 265 – 2nd Floor before Judge Stephen H. Locher. Estimated length of 2 days. Signed by Magistrate Judge William P. Kelly on 11/26/2024. (rls) (Entered: 11/26/2024) |
| 11/26/2024 | 29 | ORDER REGARDING FINAL PRETRIAL CONFERENCE REQUIREMENTS. See Order for particulars. Signed by Magistrate Judge William P. Kelly on 11/26/2024. (Attachments: # 1 Fillable FPTO, # 2 JERS Attorney Instructions) (rls) (Entered: 11/26/2024) |
| 11/26/2024 | 30 | ORDER FOR STATUS REPORT AND SETTING STATUS CONFERENCE. Telephonic Status Conference set for 6/3/2025 at 9:00 AM before Magistrate Judge William P. Kelly. Counsel shall call 833–990–9400 and enter ID 667–254–134 and code 6500 at the prompts to join the call. Status Report due by 5/30/2025. See Order for particulars. Signed by Magistrate Judge William P. Kelly on 11/26/2024. (rls) (Entered: 11/26/2024) |
| 12/18/2024 | 31 | NOTICE: Response in Opposition to Defendant's Anticipated Motion for Extension to Respond to the Plaintiff's Discovery by Tomika Hindson. (btg) (Entered: 12/18/2024) |
| 01/21/2025 | 32 | ORDER Granting 21 Motion to Dismiss. The Clerk of Court is directed to enter judgment for Defendant. Signed by Judge Stephen H. Locher on 1/21/2025. Mailed to Plaintiff by Chambers on 1/21/25. (lcw) (Entered: 01/21/2025) |
| 01/22/2025 | 33 | JUDGMENT in favor of Portfolio Recovery Associates, LLC against Tomika Hindson. Signed by Clerk of Court Chandlor G Collins on 1/22/2025. (nla) (Entered: 01/22/2025) |
| 02/06/2025 | 34 | NOTICE OF APPEAL as to 32 Order and 33 Judgment by Tomika Hindson. (nla) (Entered: 02/06/2025) |
| 02/06/2025 | 35 | MOTION for Leave to Appeal in forma pauperis by Tomika Hindson. (nla) (Entered: 02/06/2025) |
| 02/07/2025 | 36 | TEXT ORDER Granting 35 Motion for Leave to Appeal in Forma Pauperis. Signed by Judge Stephen H. Locher on 2/7/2025. Text Order mailed to Plaintiff by chambers. (mm) (Entered: 02/07/2025) |
| 02/13/2025 | 37 | NOTIFICATION OF APPEAL and NOA Supplement by District Court Clerk to USCA re 34 Notice of Appeal filed on 2/6/2025. (vr) (Entered: 02/13/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOMIKA HINDSON,<br><br>               Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>               Defendant. | 4:23-cv-00376-SHL-WPK<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

    Plaintiff Tomika Hindson, proceeding pro se, alleges that Defendant Portfolio Recovery Associates, LLC ("PRA"), violated the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA"). PRA moves to dismiss, arguing Hindson has not established Article III standing or, alternatively, that her claims fail as a matter of law. The Court concludes that Hindson has not established a concrete injury for standing purposes and therefore GRANTS PRA's Motion to Dismiss. The Court declines to award fees to PRA.

## I. BACKGROUND.

    The Court construes the facts in the light most favorable to Hindson. In July and August 2023, PRA mailed Hindson three letters. The <u>first</u> letter, dated July 4, 2023, states that PRA "is a debt collector and is the creditor to whom your debt is currently owed." (ECF 19, ¶ 12; ECF 21-1, p. 17.) The letter sought to collect on Hindson's debt to Capital One, which PRA said it had purchased. (ECF 21-1, p. 17.) PRA informed Hindson that she could pay the debt, request more information, or dispute the debt by, *inter alia*, mailing a letter to 140 Corporate Blvd., Norfolk, Virginia. (Id.) On July 20, 2023, Hindson disputed the debt by mailing a letter to the address in Norfolk, Virginia. (ECF 19, ¶ 13.) Her letter requested verification of the debt and told PRA to cease communications with her. (Id.)

    Hindson received PRA's <u>second</u> letter, dated July 15, 2023, on August 25, 2023. (Id., ¶ 14; ECF 21-1, p. 21.) The letter informed Hindson that PRA had payment plans she could utilize and included a coupon for her to use to submit a payment to P.O. Box. 12914, Norfolk, Virginia. (ECF 21-1, p. 21.) It informed Hindson that disputes should still be sent to the address included on the first letter: 140 Corporate Blvd., Norfolk, Virginia. (Id., p. 22.) Due to the timing of the second

letter, Hindson believes her initial response and the second letter "may have crossed in the mail." (ECF 19, ¶ 14.)

Hindson received the <u>third</u> letter, dated August 22, 2023, on August 29, 2023. (Id., ¶ 15; ECF 21-1, p. 23.) This letter provided her with three payment options and, again, included a coupon she could use to mail back a payment in an envelope pre-addressed to P.O. Box. 12914, Norfolk, Virginia. (ECF 21-1, p. 23.) As before, the letter directed Hindson to send her disputes to 140 Corporate Blvd., Norfolk, Virginia. (Id., p. 24.)

On August 28, 2023, between her receipt of the second and third letters, Hindson received her dispute letter back with a "return to sender" label. (ECF 19, ¶ 16.) She does not indicate she had any further communication with PRA after her letter was returned, but she does allege that her credit report shows that PRA accessed her TransUnion report on July 2 and 9, 2023. (Id., ¶ 22.)

Hindson brings six claims against PRA: (1) a violation of the FDCPA, 15 U.S.C. § 1692b(2), for continuing to communicate with her after she sent her dispute letter and using deceptive return addresses (<u>Count 1</u>); (2) a violation of the FDCPA, *id*. § 1692b(5), for using language and/or symbols on the envelopes of the letters that indicated they were from a debt collector (<u>Count 2</u>); (3) a violation of the FDCPA, *id*. § 1692e(2)(A), for sending letters that falsely represented the character, amount or legal status of a debt (<u>Count 3</u>); (4) a violation of the FDCPA, *id*. § 1692e(10), for sending letters that contained false representations or deceptive means to collect a debt (<u>Count 4</u>); (5) a violation of the FCRA, *id*. § 1681b(f), for accessing her credit report twice within a thirty-day period without a permissible purpose (<u>Count 5</u>); and (6) a common law claim for intrusion upon seclusion for accessing her credit report without authorization or a permissible purpose (<u>Count 6</u>). (ECF 19.) She claims PRA's conduct supporting Count 6 (intrusion upon seclusion) caused her "injuries including emotional distress." (Id., ¶ 47.) She requests actual, statutory, and punitive damages, along with costs and reasonable attorney's fees. (Id., p. 5.)

## II.   LEGAL STANDARDS.

PRA moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 21.) As to the latter, the governing standards are straightforward. PRA bears the burden of establishing that Hindson has failed to state a claim upon which relief may be granted. *See Rossley v. Drake Univ.*, No. 4:17-cv-00058-RGE-SBJ, 2017 WL 7693389, at *2 (S.D. Iowa Dec. 20, 2017) (citing *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) and *Ross v.*

*U.S. Capitol Police*, 195 F. Supp. 3d 180, 192 (D.D.C. 2016)). In deciding whether PRA has satisfied that burden, the Court "assume[s] the truth of all factual allegations in the complaint and make[s] all reasonable inferences in favor of the nonmoving party." *Delker*, 21 F.4th at 1024. "Although detailed allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

  The governing standards for PRA's Rule 12(b)(1) motion are more complicated. When a defendant moves to dismiss for lack of subject matter jurisdiction, the Court must determine whether the motion raises a "facial" or "factual" attack. *See Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). "In a facial attack, 'the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "Accordingly, the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* "Conversely, in a factual attack, 'the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* at 914–15 (quoting *Menchaca*, 613 F.2d at 511). "Thus, the nonmoving party would not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.* at 915. Either way, "[t]he plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).

  The distinction between a "facial" and "factual" attack is largely academic in this case because: (a) the material facts are not in dispute; and (b) the documents referenced in Hindson's Amended Complaint and attached to PRA's motion to dismiss are matters the Court could consider under either a facial or factual attack. *See Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) ("Courts may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned [in

ruling on a motion to dismiss] . . . ."). Nonetheless, in an abundance of caution, the Court will view the facts in the light most favorable to Hindson.

### III. LEGAL ANALYSIS.

*A. The Court Grants PRA's Motion to Dismiss Because Hindson Has Not Established Article III Standing.*

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id*. § 1692(e). If a company violates either the FCRA or FDCPA, it may be liable for civil damages. *See id*. §§ 1681n, 1681o, 1692k.

But not every violation of the FCRA or FDCPA gives a consumer a right to sue. "[A]n injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). In addition to a statutory wrong, the consumer must have standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (declining to dispense with standing "even in the context of a statutory violation"); *Gallagher v. Santander Consumer USA, Inc*., --- F.4th ----, 2025 WL 78351, at *1 (8th Cir. Jan. 13, 2025) (requiring "concrete harm *in addition to* and *because of*" a statutory violation).

Standing means the consumer has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Bassett v. Credit Bureau Servs., Inc*., 60 F.4th 1132, 1134 (8th Cir. 2023) (quoting *Robins*, 578 U.S. at 338). "For standing purposes . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Ramirez*, 594 U.S. at 426–27. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. at 427. "No concrete harm, no standing." *Id*. at 442.

The Court must examine Hindson's Amended Complaint to determine if she alleged a concrete harm before it can reach the merits. "When courts are examining whether a plaintiff has suffered a concrete harm, it is important to distinguish between those that suffered a physical,

monetary, or cognizable intangible harm from those seeking to collect statutorily allowed damages as a way to ensure a defendant's compliance with the law." *Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 509 (8th Cir. 2022) (dismissing FCRA claims). The only harm Hindson complains of is "injuries including emotional distress" as part of her intrusion upon seclusion claim (Count 6). (ECF 19, ¶ 47.) She does not allege she suffered any injuries for PRA's alleged FCRA and FDCPA violations (Counts 1–5). In response to PRA's motion to dismiss, she generally states she "has suffered concrete injuries, including emotional distress and invasion of privacy, directly resulting from Defendant's actions." (ECF 22, p. 1; see also ECF 24, p. 1.) She alleges these "injuries are well-documented in the complaint." (ECF 22, p. 1.) Elsewhere, she says PRA's use of multiple return addresses "misled and confused" her and that PRA's purported review of her credit report was "highly offensive". (Id., pp. 1–2.)

While emotional distress may rise to the level of concrete harm, *see Hekel v. Hunter Warfield, Inc.*, 118 F.4th 938, 943 (8th Cir. 2024), plaintiffs need to do more than make "[b]reezy declarations" to that effect, *see McNaught v. Nolen*, 76 F.4th 764, 772 (8th Cir. 2023) (agreeing, for instance, that "[i]t is not enough to say that your reputation was harmed without explaining how" (quoting *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 880 (7th Cir. 2020))). Indeed, the Eighth Circuit recently dismissed an FDCPA claim for lack of standing where the plaintiff was *more specific* than Hindson here (alleging "worry" and "sleeplessness" in addition to "confusion") because "confusion" is not an injury and "nervousness, restlessness, irritability, amongst other negative emotions" are not either. *Hekel*, 118 F.4th at 943. The court re-affirmed that "even if emotional injuries counted," a plaintiff's "conclusory allegations" and "naked assertions of emotional harm" do not. *Id*. The Eighth Circuit's decision in *Bassett v. Credit Bureau Services, Inc.*, is similarly instructive. *Bassett* affirmed the dismissal of a plaintiff's FDCPA claim because— even though plaintiff received a letter that purportedly violated the law—she didn't make a payment or otherwise act to her detriment in response. 60 F.4th at 1137–38. As in *Hekel*, the plaintiff needed to do more than "seek[] to ensure a defendant's compliance with regulatory law . . . [and] obtain some money via the statutory damages." *Id*. at 1137 (cleaned up).

Hindson's reference to an invasion of her privacy doesn't change the result. While "invasion of privacy" may be a concrete injury in some circumstances, *id*. at 1136 n.2, the plaintiff must provide some level of supporting detail. For example, in *Schumacher v. SC Data Center, Inc.*, the Eighth Circuit held that the mere allegation of "invasion of privacy" was insufficient to

constitute concrete harm in an FCRA case because, like here, the assertion was "devoid of further factual development," 33 F.4th at 514.

Absent "further factual development" for her emotional distress, and/or context that makes the distress plausible, Hindson has not established Article III standing. It follows that the Court lacks subject matter jurisdiction over her claims. *See Jones v. Bloomingdales.com, LLC*, 124 F.4th 535, 539 (8th Cir. 2024) ("Federal courts are not much concerned with labels and unsupported characterizations."); *see also Tschoe v. Monarch Recovery Mgmt., Inc.*, No. 20 CIV. 7331 (PGG), 2024 WL 2814270, at *4 (S.D.N.Y. May 31, 2024) (plaintiff lacked standing to bring FDCPA claim based on "perfunctory" allegation of emotional distress); *Oneal v. First Tennessee Bank*, No. 4:17-CV-3-TAV-SKL, 2018 WL 1352519, at *10 (E.D. Tenn. Mar. 15, 2018) (similar, dismissing FCRA claim because "[t]he one-sentence reference to mental and emotional distress in the amended complaint is the very definition of a legal conclusion masquerading as a factual allegation" that cannot support standing). The dismissal is WITH PREJUDICE because Hindson already amended her pleading once and has filed multiple responses to PRA's motion to dismiss without ever expanding on her alleged injuries beyond simply characterizing them as "invasion of privacy" and "emotional distress." There is no reason to give her further opportunities to establish standing.

B. *The Court Denies PRA's Motion for Attorney Fees.*

PRA seeks leave to request attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) "or as otherwise allowed by law." (ECF 21-1, p. 14.) Section 1692k(a)(3) provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Bad faith is not always required before awarding costs to a prevailing defendant in an FDCPA case, however. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 (2013) (district courts retain discretion to award costs to prevailing defendants under Fed. R. Civ. P. 54(d)(1) notwithstanding 15 U.S.C. § 1692k(a)(3)).

PRA's request is not unreasonable. As documented in several other opinions from this Court, Hindson frequently sues credit reporting agencies, debt collectors, and others for FCRA and/or FDCPA violations. Sometimes she settles her cases, but she rarely achieves a judicial win. Thus, although it is important for consumers like Hindson to have the opportunity to pursue claims for FCRA and/or FDCPA violations, it is also important for her to understand and adhere to constitutional requirements like standing. Meaning: Hindson must understand that she does not

6

have viable claims under the FCRA or FDCPA unless she has suffered a concrete injury. The Court will not award fees in this instance, but it encourages Hindson to be mindful of the fee-shifting provisions in § 1692k(a)(3) and Fed. R. Civ. P. 54(d)(1) if she continues to pursue cases in the future.

IV.   **CONCLUSION.**

Because Hindson's Amended Complaint failed to allege a concrete harm, PRA's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED WITH PREJUDICE. (ECF 21.) The Clerk of Court is directed to enter judgment for Defendant.

IT IS SO ORDERED.

Dated: January 21, 2025

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

                              **CIVIL NUMBER:**

Plaintiff(s),

v.                             **JUDGMENT IN A CIVIL CASE**

Defendant(s),

    **JURY VERDICT.**  This action came before the Court for trial by jury.  The issues have been tried and the jury has rendered its verdict.

    **DECISION BY COURT**.  This action came before the Court.  The issues have been considered and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED**:

Date:

                              CLERK, U.S. DISTRICT COURT

                              _____

                              By:

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

TOMIKA HINDSON
Plaintiff,

Vs.  CASE # 4:23-CV-00376-SHL-WPK

PORTFOLIO RECOVERY ASSOCIATES, LLC
Defendant,

### NOTICE OF APPEAL

Notice is hereby given that Tomika Hindson, Plaintiff-Appellant, the Plaintiff in the above-captioned case, hereby appeals to the United States Court of Appeals for the Eighth Circuit Court from the following orders and judgement entered in this case before the United States District Court for the Southern District of Iowa, presided over by Judge Stephen H. Locher:

1. The Order Granting Defendant's Motion to Dismiss Plaintiff's Claims, filed on January 21, 2025, which dismissed Plaintiff-Appellant's claims with prejudice (Docket Entry # 32).

2. The Final Judgement entered in favor of Defendant, entered on January 22, 2025, terminating the case in its entirety (Docket Entry # 33).

### TIMELINE OF THE CASE

To provide clarity and context for this appeal, Plaintiff-Appellant identifies the following timeline of key dates and events from the record:

1. July 12, 2024:
   Plaintiff-Appellant filed a Motion for leave to Amend the complaint after the discovering that on July 4, 2024, Defendant-Appellee, PRA, had accessed her TransUnion Consumer Report without authorization or a permissible purpose.

2. September 25, 2024:
   The Court granted the Plaintiff-Appellant's Motion to Amend the Complaint, allowing the new allegations relating to PRA's unauthorized access to her consumer report to proceed.

3. September 25, 2024:
   Plaintiff-Appellant's Amended Complaint was entered into the Court Docket as the operative pleading.

4. September 26, 2024:
   The Court issued an order declaring the original Complaint as moot, recognizing the Amended Complaint as superseding the original.

5. **October 29, 2024:**
   The Court ordered that a Rule 26(f) Conference be scheduled for November 26, 2024, with the Joint Scheduling Order to be filed by November 19, 2024.

6. **November 26, 2024:**
   The parties completed Rule 26(f) Conference, and the Court finalized the Joint Scheduling Order.
   - During the Rule 26(f) Conference, Magistrate Judge William Kelly allowed an outside judge-who was unaffiliated with the case-to sit in on the conference call. This outside judge made a statement indicating a personal interest in the matter, expressing curiosity about how "certain claims/aspects like what the Plaintiff alleged in the Complaint against the Defendant were handled in this Jurisdiction." Plaintiff-Appellant was not informed of or consulted about this individual's participation beforehand.
   - On the same day, Plaintiff-Appellant served PRA with both Initial Disclosures and Discovery Requests, requiring PRA to respond by December 27, 2024.

7. **December 26, 2024:**
   PRA served its responses to Plaintiff-Appellant's Discovery Requests.

8. **January 21, 2025:**
   - Plaintiff-Appellant submitted rebuttals to PRA's Discovery Responses, further advancing the Discovery process.
   - On the same day, the Court issued an Order granting PRA's Motion to Dismiss Plaintiff-Appellant's claims, finding a lack of standing due to insufficient allegations of concrete harm.

9. **January 22, 2025:**
   The Court entered final Judgment in favor of PRA, effectively dismissing the case with prejudice, even though Discovery was still ongoing.

## SPECIFIC GROUNDS FOR APPEAL

Plaintiff-Appellant appeals on the following grounds:

1. **Unresolved Dispositive Motions by the Presiding Judge (Stephen H. Locher) and the Magistrate Judge's (William P. Kelly) Handling of Pretrial Matters:**

   - The Magistrate Judge in this case handled the pretrial matters, including a Rule 26(f) Conference on November 26, 2024, followed by the entry of a finalized Joint Scheduling Order on the same date.

   - Apparently, prior to the time of the Rule 26(f) Conference on November 26, 2024, several Dispositive Motions may have been pending before the Southern District Court of Iowa, including Motions to Dismiss under FRCP 12(b)(6) and or 12(b)(1). These motions directly addressed the legal sufficiency of the Plaintiff-Appellant's claims and the Court's jurisdiction over the matter.

   - The presiding judge failed to resolve these pending Dispositive Motions prior to the Rule 26(f) conference and the issuance of the Joint Scheduling Order. Instead, the case proceeded to Discovery planning without clarity as to which claims, parties, or defenses were legally viable.

- The failure to rule on Dispositive motions before Discovery created inefficiency and uncertainty, as issues that could have been resolved early were left unresolved. This procedural misstep prejudiced Plaintiff-Appellant by requiring the parties to engage in unnecessary pretrial planning and Discovery before the scope of the case was properly defined.

- Resolving Dispositive motions first is critical because such motions determine whether some or all claims or defenses survive, thereby streamlining the litigation process. Ignoring this step undermined the fairness and efficiency of the proceedings and contributed to the procedural irregularities that Plaintiff-Appellant now challenges on appeal.

- The District Court erred by prematurely granting PRA's Motion to Dismiss despite the fact that Discovery was ongoing, including Plaintiff-Appellant's submission of rebuttals to PRA's Discovery Responses on the same day the dismissal order was entered. The Court failed to consider the procedural posture of the case and the advanced stage of Discovery.

2. Procedural Irregularity-Unnamed Judge present at the 26(f) Conference without the Plaintiff-Appellant's Consent or Given the Option to Object to such appearance:

    - During the Rule 26(f) Conference on November 26, 2024, Magistrate Judge William Kelly allowed an unnamed judge to participate in the Conference call. This outside judge had no formal role in the case and made a statement indicating a personal curiosity about how "certain claims/aspects like what the Plaintiff alleged in the Complaint" were handled in the Iowa Jurisdiction. Plaintiff-Appellant's was not informed of or consulted about this individual's participation, which violated her right to a fair and impartial pretrial process.

    - That statement alone raised the Plaintiff-Appellant concerns about the real purpose of their participation and their connection to the case.

    - They even had the nerve to Thank the Plaintiff-Appellant for allowing them to sit in on the call to which the Plaintiff-Appellant never agreed to.

    - Plaintiff-Appellant did not agree to this unnamed judge's presence or participation in the Rule 26(f) Conference, and she was not informed of this judge's purpose or true involvement in the case.

    - Plaintiff-Appellant is in the process of ordering the transcript from the November 26, 2024, Rule 26(f) conference call to ascertain the identity of this individual and determine the scope of their involvement.

    - This procedural irregularity further undermined Plaintiff-Appellant's confidence in the fairness of the pretrial proceedings and contributed to the overall procedural unfairness in this case.

3. Conflict of Interest and Appearance of Bias Concerns:

The Conflict of Interest arises when a Judge has a personal, financial, or professional connection to one of the parties or the issues being litigated such as:

- If the Judge from another Jurisdiction had prior dealings with one of the Defendants, their participation can be seen as prejudicial.

- If the Judge's Jurisdiction has some other interest in the outcome of the case, that could also raise concerns.

- Even the appearance of bias can be grounds for a Motion to disqualify a Judge under section 28 U.S.C. § 455.

- The fact that the unnamed Judge stated "they wanted to observe how certain cases were handled in the Iowa Jurisdiction" raises significant questions such as the following;

  - Plaintiff-Appellant questions if the unnamed judge was connected in some way to one of the Defendant's, attorneys, or the issues within the case.
  - Plaintiff-Appellant questions why or did this unnamed Judge may possibly have an interest in the case specifically.
  - Plaintiff-Appellant questions if the unnamed Judge's participation influenced the decisions of the presiding Judge or the proceedings in any way.
  - The participation of the outside Judge raises significant conflict-of-interest concerns and created the appearance of impropriety.
  - The outside Judge's admission of personal curiosity about the claims indicated a potential bias that undermined Plaintiff-Appellant's confidence in the impartiality of the pretrial proceedings.

4. **Judicial Discretion Misapplied- No New Evidence or Arguments Justifying the Dismissal:**

   - In this case, there was no new evidence or arguments presented that would have justified dismissing the Plaintiff-Appellant's case at this stage of litigation. The District Court failed to properly rule on any pending Dispositive Motions, properly address the Plaintiff-Appellant's Motion for Sanctions or the legal effect of TransUnion's Rule 36(a)(3) admissions before dismissing the case.

   - By dismissing the case without addressing these motions or legal issues, the District Court prejudiced the Plaintiff-Appellant and created an appearance of procedural unfairness and abuse of discretion.

5. **Premature Dismissal of the Case Midway Through Discovery:**

   - By dismissing the case on **January 21, 2025**, less than a month after Plaintiff-Appellant filed a Motion for Sanctions and midway through the Discovery process, the District Court denied Plaintiff-Appellant the opportunity to litigate the claims on their merits.

   - The District Court granted PRA's Motion to Dismiss while Discovery was ongoing, depriving Plaintiff-Appellant of the opportunity to gather evidence necessary to support her claims, including PRA's unauthorized access of her TransUnion Consumer Report. The Court failed to allow the Discovery process to run its course.

6. **Improper Dismissal with Prejudice:**

   - The District Court improperly dismissed the Plaintiff-Appellant's claims with prejudice, despite the fact that the alleged deficiencies in the pleadings (Standing and Concrete Harm) could have been addressed through further Discovery. This dismissal was a clear abuse of discretion.

7. **Failure to Properly Consider Concrete Harm:**

    - The District Court failed to adequately consider Plaintiff-Appellant's allegations of harm arising from PRA's unauthorized access to her TransUnion Consumer Report in violation of the Fair Credit Reporting Act (FCRA). Privacy violations of this nature constitute concrete harm sufficient to establish Standing under TransUnion, LLC v. Ramirez, 141 S. Ct. 2190 (2021).

## RELIEF SOUGHT

Plaintiff-Appellant respectfully seeks the following relief from the United States Court of Appeals for the Eighth Circuit:

1. **Vacate of the District Court's Orders and Judgment,** including the January 21, 2025, Dismissal Order and the January 22, 2025, final judgment.

2. **Remand the Case to the District Court** for further proceedings consistent with procedural fairness and Due Process.

3. **Other Relief as the Court Deems Appropriate,** including clarification of the role and identity of the unnamed judge who participated in the pretrial proceedings.

Respectfully Submitted,
Tomika Hindson
Pro Se Plaintiff-Appellant
P.O. BOX 3754
Urbandale, Iowa 50323
hindson.tomika74@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I served a True and Correct Copy of the foregoing **Notice of Appeal** upon the following parties via Electronic Mail/Email and via USPS Priority Mail or other service method, as appropriate under local rules:

1. Joshua C. Dickinson (Legal Counsel for Portfolio Recovery Associates, LLC)
   SPENCER FANE LLP
   13815 FNB PARKWAY, STE 200
   OMAHA, NEBRASKA 68154
   jdickinson@spencerfane.com






```
MIME-Version:1.0
From:cmecf_iasd@iasd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Paper recipients:
Tomika Hindson
P.O. Box 3754
Urbandale IA 50323

--Case Participants: Joshua C. Dickinson (jdickinson@spencerfane.com,
jheiserman@spencerfane.com, joshua-dickinson-9840@ecf.pacerpro.com), Magistrate Judge
William P. Kelly (iasdchmbwpk@iasd.uscourts.gov), Judge Stephen H. Locher
(iasdchmbshl@iasd.uscourts.gov)
--Non Case Participants: Appeal Civil Clerk (brenda_fauber@ned.uscourts.gov,
kellie_watson@iasd.uscourts.gov, mindi_decker@iasd.uscourts.gov,
susan_lancaster@iasd.uscourts.gov, vickie_a_rule@iasd.uscourts.gov)
--No Notice Sent:

Message-Id:3950010@iasd.uscourts.gov
Subject:Activity in Case 4:23-cv-00376-SHL-WPK Hindson v. Portfolio Recovery Associates,
LLC Order on Motion for Leave to Appeal in forma pauperis Content-Type: text/html
```

# U.S. District Court

## Southern District of Iowa

**Notice of Electronic Filing**

The following transaction was entered on 2/7/2025 at 12:46 PM CST and filed on 2/7/2025

**Case Name:** Hindson v. Portfolio Recovery Associates, LLC
**Case Number:** 4:23−cv−00376−SHL−WPK
**Filer:**
**WARNING: CASE CLOSED on 01/22/2025**
**Document Number:** 36

**Docket Text:**
**TEXT ORDER Granting [35] Motion for Leave to Appeal in Forma Pauperis. Signed by Judge Stephen H. Locher on 2/7/2025. Text Order mailed to Plaintiff by chambers. (mm)**

**4:23−cv−00376−SHL−WPK Notice has been electronically mailed to:**

Joshua C. Dickinson    joshua−dickinson−9840@ecf.pacerpro.com, jheiserman@spencerfane.com, jdickinson@spencerfane.com

**4:23−cv−00376−SHL−WPK Notice has been delivered by other means to:**
Tomika Hindson
P.O. Box 3754
Urbandale IA 50323

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

# Notice of Appeal Supplement

Case Name: _____ vs. _____

District Court Case Number: _____

Appeal Fee (605.00) Status:  Pd ____  IFP ____  Pending ____  Government Appeal ____  Counsel:

Appointed ____  CJA ____  Retained ____  Pro Se ____  Pro Bono ____

*Reminder: CJA appointed counsel will need to complete their AUTH 24 form thru CJA eVoucher.

Appeal filed by: Counsel ____  Pro Se ____

Any reason why counsel should not be appointed: _____

Certificate of Appealability: Denied ____  Granted ____  Not Issue ____

Pending post Judgment motions: Yes ____  No ____

If so, type of motion(s) and docket entry number:
_____

High Public Interest Case: Yes ____  No ____

Simultaneous Opinion release Requested: Yes ____  No ____

Trial Held: Bench ____  Jury ____  No ____

Court Reporter: Yes ____  No ____

Reporter's Name: _____

Appealing: Order prior to final judgment ___ or final judgment ____

***File this form with the Notice of Appeal***